KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS
  (*pro hac vice admission pending*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Telephone: 214.698.3100
Facsimile: 214.571.2900

Attorneys for WALMART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ESSIE GRUNDY,<br><br>          Plaintiff,<br><br>    v.<br><br>WALMART, a Corporation; and DOES 1 to 50, inclusive,<br><br>          Defendants. | CASE NO. 5:18-CV-00429<br><br>**NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of California, County of Riverside, Case No. RIC1801903]<br><br>Action Filed: January 26, 2018 |

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO PARTIES AND THEIR COUNSEL OF RECORD:**

      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331, 1332, and 1367, Defendant Walmart[1] hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Riverside, Case No. RIC1801903, to the United States District Court for the Central District of California, Eastern Division. Removal is proper on the following grounds:

---

[1] As used herein, "Walmart" refers to Wal-Mart, Inc.

**TIMELINESS OF REMOVAL**

1. Plaintiff Essie Grundy filed a Complaint ("Complaint") against Walmart in the Superior Court for Riverside, California, on January 26, 2018. In accordance with 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Walmart as of the date of this filing are attached as Exhibit A filed concurrently herewith.

2. Plaintiff served Walmart with a Summons and Complaint on January 31, 2018. *See* Ex. A. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt of the Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

**GROUNDS FOR REMOVAL**

3. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court and division embracing the place where such action is pending."

4. District courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1).

**A.    Total Diversity Exists Between Plaintiff and Walmart**

5. Plaintiff is a citizen of California. Compl. ¶ 2.

6. Walmart was incorporated in Delaware, and its principal place of business is in Arkansas. Accordingly, it is a citizen of both states. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

7. The citizenship of "DOES 1 to 50," also named as Defendants in this matter, should be disregarded for purposes of assessing jurisdiction. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Indeed, Plaintiff has pleaded no facts as to who these individuals are, where they live, or how they are related to this case. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir 1987) (district court properly disregarded "100 Doe defendants" who were not "indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice").

**B.     The Amount in Controversy Exceeds $75,000**

8.     Plaintiff has not specified the amount of damages she seeks.[2] Hence, Walmart's Notice of Removal need only make "a plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, which should be accepted unless contested by plaintiff or questioned by the Court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-554 (2014).

9.     Plaintiff has pleaded one cause of action under the Unruh Civil Rights Act, *see* California Civil Code § 51, and a second cause of action under California's Unfair Competition Law, *see* California Business and Professions Code § 17200. Compl. 4-5. Plaintiff's prayer for relief includes actual damages, statutory and/or treble damages, attorney's fees, costs, a declaratory judgment, and "[a]ny other future relief" that the Court may deem just and proper. Compl. 5. Plaintiff also seeks a permanent injunction against Walmart, enjoining it from applying enhanced security to the products at issue. Compl. 5.

10.     The Unruh Act allows for an award of up to three times the amount of actual damages, but in no case less than $4,000 for each and every proven offense, as

---

[2] "When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint." *Paris v. Michael Aram, Inc.*, 2018 WL 501560, at *3 (C.D. Cal. Jan. 22, 2018). Accordingly, although Walmart vigorously disputes the allegations in Plaintiff's Complaint and contends she should recover nothing from this suit, the discussion below assumes the allegations to be true for purposes of assessing the amount in controversy.

well as attorney's fees.  Cal. Civ. Code § 52(a).  "Actual damages" means "special and general damages," which includes damages for emotional distress.  *Id*. at (h).  Courts may consider emotional damages in their determination of the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

11.   Plaintiff has alleged that she suffered "great shame, humiliation, inconvenience, and mental suffering, all to [her] general damages."  Compl. ¶ 16.  In other cases involving similar allegations of harm, courts have upheld awards for tens of thousands of dollars.  *See, e.g.*, *Windsor Clothing Store v. Castro*, 41 N.E. 3d 983, 992 (Ill. App. Ct. 2015) (upholding award of $25,000 for emotional distress damages).

12.   Because the Unruh Act provides for treble actual damages, Plaintiff's general damages in this case could themselves reasonably exceed the $75,000 threshold for diversity.

13.   Even if Plaintiff is found not to have suffered any actual damages, she would still be entitled to statutory damages upon proving a violation of the Unruh Act.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).  Here, Plaintiff alleges five separate supposed violations.  Compl. ¶¶ 9-12.  Under the minimum statutory damages of the Unruh Act, then, Plaintiff would be entitled to at least $20,000 in statutory damages.  *See* Cal. Civ. Code § 52(a).

14.   In addition, "in determining jurisdiction, the Court may consider the cost to the defendant of complying with an injunction."  *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1233 (N.D. Cal. 2000).  Moreover, "where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds the amount, it is the latter that represents the amount in controversy for jurisdictional purposes."  *In re Ford Motor Co./Citibank (S. Dak.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

15.   Plaintiff does not identify the specific products for which she seeks an injunction.  However, the cost to Walmart of complying with a permanent injunction requiring it to physically alter personal products displays in its various stores

throughout California (or more broadly) would easily exceed the statutory threshold for diversity.

16. If she is successful in this case, Plaintiff may also be entitled to attorney's fees. *See* Cal. Civ. Code § 52(a) (emphasis added) ("Whoever denies, aids, or incites a denial, or makes any discrimination . . . is liable for each and every offense for the actual damages . . . *and attorney's fees*"). These fees also count towards the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Although the Ninth Circuit has not conclusively addressed whether post-removal attorney's fees should be included in the amount in controversy, "recent cases in this district hold that post-removal attorneys' fees should be included." *Castillo v. ABM Indus. Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (collecting cases).

17. Thus, the total amount in controversy in this case—i.e., treble actual damages or statutory damages, the cost of complying with the permanent injunction, and attorney's fees—plausibly exceeds the $75,000 necessary for diversity jurisdiction. *See Fefferman v. Dr Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *4 (S.D. Cal. Mar. 12, 2013) ("Adding together the cost of corrective advertising, product recall, raw material destruction, attorney's fees, and a year of salary and benefits for the new employees prayed for in Plaintiff's complaint, the amount in controversy . . . exceeds the jurisdictional minimum . . . "); *Simmons*, 209 F. Supp. 2d at 1035 (holding attorneys' fees, "viewed in combination with alleged compensatory, punitive, and emotional distress damages . . . clearly satisfied" jurisdictional minimum).

**C.   This Court Has Jurisdiction, Venue is Appropriate, and Removal is Proper**

18. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a)   there is total diversity between the parties; and

    b)  the amount in controversy exceeds $75,000.

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

  19. The United States District Court for the Central District of California is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in the Superior Court of California for the County of Riverside. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. §§ 84(c)(1) and 1441(a), this case is properly removed to this Court, because the United States District Court for the Central District of California, Eastern Division, embraces Riverside County, where Plaintiff's action is pending.

  20. No other defendant has been properly joined and served (or purported to be served), and there is no requirement that any party not properly joined and served consent. *See City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007); 28 U.S.C. § 1446(b)(2)(A) (requiring consent only from "all defendants who have been properly joined and served"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Walmart is attached hereto as Exhibit A.

  21. Upon filing this Notice of Removal, Walmart will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Riverside, pursuant to 28 U.S.C. § 1446(d).

  22. Accordingly, Defendant Walmart removes to this Court the above action against it in the Superior Court of California for the County of Riverside.

Dated: March 1, 2018

        KAHN A. SCOLNICK, SBN 228686
        VERONICA S. LEWIS (*pro hac vice admission pending*)
        GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kahn A. Scolnick
     Kahn A. Scolnick

Attorneys for Defendant Walmart