ORIGINAL

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Gloria Allred SBN: 65033<br>Nathan Goldberg, SBN: 61291<br>**ALLRED MAROKO GOLDBERG**<br>6300 Wilshire Blvd, Suite 1500<br>Los Angeles, CA 90048<br>T: (323) 653-6530<br>F: (323)653-1660<br>GAllred@amglaw.com<br>NGoldberg@amglaw.com |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 2 6 2018

V. Alvarado

Attorneys for Plaintiff, **ESSIE GRUNDY**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

ESSIE GRUNDY, an Individual,

        Plaintiff,

vs.

WALMART, a Corporation; and DOES 1 to 50, inclusive.

        Defendants.

CASE NO: RIC 1801903

**COMPLAINT**

1) FOR DECLARATORY RELIEF, INJUNCTION AND DAMAGES FOR VIOLATION OF UNRUH CIVIL RIGHTS ACT

2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

1. Plaintiff **Essie Grundy** (hereafter referred to as "Plaintiff Ms. Grundy") complains that Defendant **WALMART and DOES 1-50** (hereafter collectively referred to as "Defendants") engaged in practices that are unlawful and contrary to the Unruh Civil Rights Act (hereinafter "Unruh") and Business and Professions Code Section 17200.

2. Plaintiff is an African-American woman and at all relevant times herein, was a resident of the County of Riverside, California.

3. Defendant WALMART is now, and at all relevant times herein, a Corporation doing substantial business in Riverside, California. Defendant is a business establishment for the purposes of the Unruh Civil Rights Act, Civ. Code, § 51.

4. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff Ms. Grundy, who therefore sues said Defendants by such fictitious names. Plaintiff Ms. Grundy is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff Ms. Grundy as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES 1 through 50 when the same have been ascertained

5. Venue is proper in Riverside County because the unlawful practices between Plaintiff Ms. Grundy and Defendants arose in Riverside County, California. This case is subject to the jurisdiction of this court pursuant to the Unruh Civil Rights Act, Business and Professions Code Section 17200, and the California Code of Civil Procedure. The amount of damages sought, while not fully determined, exceeds the minimum for limited jurisdiction in this court.

6. Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

7. Except as hereinafter specifically described, Defendants and each of them, are and were the agents and/or employees of the other Defendants, and in acting as described herein were acting within the scope of their authority, agency, service, representation and/or employment as agents and/or employees thereof, and with the permission and consent of the other Defendants.

8. Defendants are in the business of operating a retail store which is located at 1800 N. Perris Blvd, Perris, in Riverside County, California.

9. On January 12, 2018, Plaintiff went to the PERRIS WALMART SUPERCENTER located at 1800 N. Perris Blvd, Perris, California 92571 to purchase products marketed and/or created for use by African-Americans. After walking each aisle looking for a skin cream, Plaintiff realized that hair and body products meant for African-Americans had been locked away behind glass shelves and were segregated from products for non African-Americans. In order to touch the product, read the ingredients, or purchase the products a customer needs to call for assistance and have a store employee unlock the glass shelves. No such barriers to access exist for the non African-American hair and body products at this same store. Plaintiff was shocked.

10. Plaintiff asked the store employee why the African-American products were locked down while the non African-American products were not. She was told by the employee that it was a directive from Corporate headquarters and that he himself had complained about the policy but had obtained no relief. She was also told that she would need to be escorted to the cash register with the product so she could purchase it. Plaintiff was stunned-she felt like she was socked in the stomach and it brought tears to her eyes to see the discriminatory practices firsthand. She asked to speak to a manager and told the manager that she felt like African-Americans were being discriminated against and not wanted. As her concerns were not addressed, she left the store.

11. As this is the neighborhood store, Plaintiff was compelled to return on at least three other occasions since January 12, 2018 to purchase products for African-Americans. On each of these occasions, Plaintiff observed the same policy and practice at

2

COMPLAINT FOR DAMAGES

the store–the hair and body products meant for African-Americans had been locked away behind glass shelves, segregated from products for non African-Americans. She also noticed that other customers were staring at her while she was waiting for assistance to have the products unlocked. She felt shame and humiliation–as though people viewed her as a criminal. Plaintiff has been a law-abiding citizen her whole life and could not believe she was being singled out because of her race.

12. On January 25, 2018, Plaintiff returned to the same WALMART because it was the WALMART closest to her home. She needed to purchase a comb for her hair. The comb costs forty-eight cents ($0.48). Despite the low-value of the product, it was locked up behind the glass shelves. She again had to call for assistance to have it unlocked and was then escorted to the cash register with the comb. She was not given the product until she paid for it. Plaintiff again noted that the combs for non African-American hair, many of which were more expensive, were not locked in the glass shelves.

13. As a result of Defendants' discriminatory practices, Plaintiff was compelled to video tape this segregation of products as she could not believe that the store had engaged in such intentional discrimination. The footage clearly shows these unlawful practices.

## FIRST CAUSE OF ACTION

VIOLATION OF UNRUH ACT AGAINST DEFENDANT WALMART AND DOES 1-50

14. Plaintiff Ms. Grundy hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

15. Defendants acted intentionally to discriminate in public accommodations in violation of the Unruh Civil Rights Act, Civ. Code, § 51 by denying African-Americans equal access to body and hair products.

16. As a proximate result of Defendants' unlawful discriminatory actions, Plaintiff suffered great shame, humiliation, inconvenience, and mental suffering, all to Plaintiff's general damages.

17. Defendants' violation of Unruh Civil Rights Act, Civ. Code, §51 entitles

Plaintiff to recover statutory damages of a maximum of three times the amount of actual damages or a minimum of $4,000.

18. Unless Defendants are restrained by a permanent injunction, Plaintiff will suffer great and irreparable injury in that she will continue to suffer shame, humiliation, and mental suffering. Plaintiff has no adequate remedy at law because pecuniary damages would not afford adequate relief.

19. An actual controversy exists between Plaintiff and Defendants as to the application of the Unruh Civil Rights Act, Civ. Code, § 51, and whether Defendants' actions violate the Act. The correct interpretation of the Act is that it applies to Defendants and prohibits Defendants' discriminatory actions.

## SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 AGAINST DEFENDANT WALMART AND DOES 1-50

20. Plaintiff Ms. Grundy hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

21. Plaintiff brings this action on behalf of herself and the general public. The above practices are a violation of the Unruh Civil Rights Act and therefore constitute an unlawful business act within the meaning of Business and Professions Code Section 17200.

22. The unlawful business practices of Defendants are likely to continue and therefore will continue to harm the public by perpetuating discrimination and therefore present a continuing threat to the public. California has a compelling interest in eradicating discrimination.

23. Unless Defendants are restrained by a permanent injunction, Plaintiff and the general public will suffer great and irreparable injury in that they suffer, or continue to suffer shame, humiliation, and mental suffering. There is no other adequate remedy at law because pecuniary damages would not afford adequate relief.

WHEREFORE, Plaintiff Ms. Grundy prays for judgment against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. Actual damages;
2. Statutory and/or treble damages pursuant to Civ. Code, § 52, subd. (a);
3. Attorney's fees, pursuant to Civ. Code, § 52, subd. (a);
4. A permanent injunction against Defendants enjoining them from denying full access to consumer products for African-Americans by unlocking the products from glass cases/boxes and/or displaying them in the same manner as non-African American products;
5. A declaratory judgment declaring that the Unruh Civil Rights Act, Civ. Code, § 51, applies to Defendants and that Defendants' actions violated the Act;
6. Costs of suit incurred herein; and
7. Such other and further relief as the court may deem just and proper.

**AS TO THE SECOND CAUSE OF ACTION:**

1. A permanent injunction pursuant to Business and Professions Code section 17203 restraining and enjoining defendant from continuing the acts of unlawful practices set forth above;
2. Reasonable attorney's fees and costs of suit pursuant to Civ. Code, § 52, subd. (a); and
3. Any further relief that the court may deem just and equitable.

Dated: January 26, 2018        ALLRED, MAROKO & GOLDBERG

GLORIA ALLRED
Attorneys for Plaintiff,
**ESSIE GRUNDY**