## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1720-PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| | ED CV 18-0429-PSG (SKx) | | |
| | ED CV 18-0431-PSG (SKx) | | |
| Title | Essie Grundy v. Walmart Inc. | | |
| | Lasheena Williams v. Walmart Inc. | | |
| | Rakiya Dawson v. Walmart In.c | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):    The Court GRANTS IN PART and DENIES IN PART
Defendant's motion to dismiss**

Before the Court is Defendant Walmart Inc.'s ("Defendant") motion to dismiss the consolidated complaints of Plaintiffs Essie Grundy, Lasheena Williams, and Rakiya Dawson ("Plaintiffs"). *See* Dkt. # 23 ("*Mot.*"). Plaintiffs Grundy, Williams, and Dawson opposed, *see* Dkts. # 25 ("*Grundy Opp.*"), 31 ("*Williams Opp.*"), and Defendant replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss Plaintiffs' consolidated complaint.

I.    Background

Plaintiffs are three African-American women: Essie Grundy, Lasheena Williams, and Rakiya Dawson. *See* Dkts #1 ("*Grundy Compl.*"), 22 ("*Dawson FAC*"), 26 ("*Williams FAC*"). In January 2018, Plaintiffs entered stores operated by Defendant in Lancaster, Riverside, and Perris, California, respectively. *Grundy Compl.* ¶ 9; *Williams FAC* ¶ 5; *Dawson FAC* ¶ 5.

Plaintiffs allege that Defendant's stores keep products for African-American hair and skin locked behind security glass, segregated from the same type of products for non-African-American hair and skin. *Grundy Compl.* ¶ 9; *Williams FAC* ¶¶ 7- 9; *Dawson FAC* ¶¶ 7-10. Plaintiffs claim that the products in question are explicitly designed for African-American skin and hair because the product boxes or packaging contain images of African Americans and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

clearly state that the products are for use by African Americans. *See Williams* FAC ¶ 7; *Dawson FAC* ¶ 7. Combs for African-American hair, for instance, are locked away, whereas combs for non-African-American hair, many of which are more expensive, are not. *Grundy Compl.* ¶ 12. The same is true of skin creams and other hair and body products. *Id*. ¶ 9. In order to examine these skin and hair products, read the ingredients, or purchase them, a customer must call for assistance and have a store employee unlock the glass. *Id*. No such barriers to access, which Defendant terms "the enhanced security policy," exist for non-African-American hair and skin products at the same stores. *Id*.; *Mot.* 9.

Plaintiffs Grundy and Dawson allege they were subject to the stares of other store patrons during this process. *Grundy Compl.* ¶ 12; *Dawson FAC* ¶ 11. After the glass barriers were unlocked, the Plaintiffs were escorted to the cash register by a store employee; they were not given the product to touch or hold until after purchase. *Grundy Compl.* ¶ 12; *Dawson FAC* ¶ 11. Plaintiff Grundy asked the employee about the store's practice of keeping the products for African-American hair and skin locked behind security glass, and she was told the enhanced security policy "was a directive from corporate headquarters." *Grundy Compl.* ¶ 10. She returned to the same Walmart on three other occasions, and each time encountered the same barrier to the products for African-American hair and skin. *Id*. ¶ 11. Each time, after asking an employee to unlock the glass, she was accompanied to the register and not given any access to the product until she paid for it. *Id*.

Plaintiff Williams filed suit in Los Angeles County Superior Court on February 7, 2018, and the case was removed to this Court on February 28, 2018. *See* Dkt. # 1, *Notice of Removal*. Plaintiff Grundy filed suit in Superior Court on January 26, 2018, and Plaintiff Dawson filed suit on February 6, 2018; both cases were removed to this Court on March 1, 2018. *See id*. All three Plaintiffs allege that Defendant's enhanced security policy is a violation of the Unruh Civil Rights Act ("Unruh Act"). *See generally Dawson FAC*; *Grundy Compl*.; *Williams FAC*.

Plaintiff Grundy also brings a cause of action for violation of the California Unfair Competition Law, California Business & Professions Code § 17200 ("UCL"). *Grundy Compl.* ¶¶ 20-23. Plaintiffs Williams and Dawson also assert causes of action for intentional infliction of emotional distress and negligence. *Dawson FAC* ¶¶ 22-33; *Williams FAC* ¶¶ 22-33. Defendant now moves to dismiss Plaintiffs' complaints. *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    Discussion

A.    Unruh Civil Rights Act Claim

All three Plaintiffs bring causes of action for violation of the Unruh Act. The Unruh Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).

Plaintiffs are African American, and thus in a protected class under the Unruh Act. *Grundy Compl.* ¶ 2; *Williams FAC* ¶ 1; *Dawson FAC* ¶ 1. Defendant argues that because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

security glass is a barrier that affects *all* shoppers equally—anyone who wishes to purchase products for African-American skin or hair must call for assistance to access the products, "regardless of race, ethnicity, or any other characteristic"—the policy is facially neutral. *Mot*. 14. That Walmart's policy disproportionately affects African-American shoppers (a fact not in dispute) is not, by itself, a fact on which Plaintiffs can base their claims. Unlike in the equal protection context, a facially neutral policy does not violate the Unruh Act simply because there is a disparate impact on a protected class. *See Koebke v. Bernado Heights Country Club*, 36 Cal. 4th 824, 854 (2005).

To state a cognizable claim for discrimination under the Unruh Act, then, a plaintiff must allege (1) that she was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) that her protected characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused her to suffer injury. *See Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-cv-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015).

     *i.*    *Denial of equal accommodation*

Plaintiffs allege that non-African-American customers have full access to hair and skin products at Walmart, while African Americans are subjected to "inconvenience, humiliating stares, and are denied an equal shopping experience to that of non-African Americans in buying their hair and skin products." *Williams Opp*. 2. Plaintiffs allege that African-American shoppers are thus denied the "full and equal accommodations, advantages, facilities, privileges, or services" that non-African Americans enjoy when shopping at a Walmart store. *Id*. Defendant's enhanced security policy resulted in a different and lesser shopping experience for Plaintiffs, because it "caused them to feel like criminals and made them feel . . . uncomfortable, ashamed, humiliated, and disgusted." *Id*. 6. Defendant's argument that "the non-African American parent or caregiver of a bi-racial or adopted African American child," along with anyone else who wishes to purchase products for African-American skin and hair, must face the same treatment that Plaintiffs faced, is unpersuasive. *Mot*. 7 n. 3. Plaintiffs have sufficiently pleaded that they did not enjoy the same in-store treatment or service that consumers of non-African-American skin and hair products enjoy.

     *ii.*    *Protected characteristics as a motivating factor*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx) 18-CV-1720 PSG (Skx) 18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc. Lasheena Williams v. Walmart Inc. Rakiya Dawson v. Walmart In.c | | |

The Unruh Act applies not only in situations where businesses exclude classes of individuals altogether, but also "where unequal treatment is the result of a business practice." *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 29 (1985). Even assuming *arguendo* Defendant's policy is facially neutral, Plaintiffs need only plausibly allege that their protected characteristic is a motivating factor for the policy that results in unequal treatment. When testing whether a facially neutral business practice based on protected characteristics is actionable under the Unruh Act, courts examine whether legitimate business interests justify the discrimination, absent public policy to the contrary. *See Harris v. Cap. Growth Investors XIV*, 52 Cal. 3d 1142, 1162 (1991).

Defendant argues that "California appellate cases have . . . recognized that legitimate business interests may justify limitations on consumer access to public accommodations," and contends that the enhanced security policy is based on higher rates of theft of the products subject to that policy. *Mot.* 5, 16; *Harris*, 52 Cal. 3d at 1162. Defendant claims that "Walmart has a legitimate business interest in providing a wide variety of products to its customers, ensuring that such products are on the shelves when customers want to buy them (i.e., the stock on the shelves has not been depleted as a result of shrinkage[1]), and obtaining full payment for the products." *Mot.* 16. According to Defendant, "a rational way to serve those interests—particularly for items that have higher rates of shrinkage—is to increase security for those products." *Id.*

Plaintiffs assert that Defendant's contention that such products are subject to the very highest rates of theft invokes pernicious stereotypes, "implying all African Americans are thieves." *Grundy Opp.* 8-9. Defendant counters that customers would encounter the same security barriers if they wished to purchase "medications . . . jewelry, fishing gear, batteries," as well as "power tools or contraceptives" and thus the policy is unrelated to any race-based or pernicious stereotype. *Mot.* 1, 7. Those products, however, are traditionally very expensive; some of the products subject to the enhanced security policy here cost less than one dollar. *See, e.g., Williams FAC* ¶ 6.

Defendant claims that in furtherance of its business interests, Walmart "imposed additional security measures for specific products . . . to further Walmart's mission of serving all

---

[1] "Shrinkage" rates refer to the rates at which a product is stolen. *See Mot.* 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

of its customers by offering the products they need in store, when they need them, at Walmart's Every Day Low Prices." *Mot.* 12. While Defendant attempts to characterize its practice as a well-intentioned measure designed to ensure its customers receive the best prices, Defendant has not provided any evidence for its assertion that hair and skin products for African Americans are subject to a high rate of theft. As Plaintiff notes, Defendant "elected to lock up *all* African American hair care products behind display cases, even those that were not any more susceptible to theft than other non-African American hair and beauty products which were not locked behind clear display cases." *Williams Opp.* 7.

Whether the policy furthers a legitimate business interest requires an analysis of how Walmart determines what is "high theft," whether the products in question *are* in fact high theft, and how shrinkage rates for products for African-American hair and skin compare to the rates for the same products for non-African-American hair and skin, which are not behind glass. *See Grundy Opp.* 10. These are questions of fact best determined after discovery, not on a motion to dismiss. Plaintiffs have alleged sufficient facts suggestive of race as a motivating factor, without the benefit of discovery about Defendant's enhanced security policy, to survive the pleading stage.

*iii.    Intentional discrimination*

Plaintiffs argue the disparate impact of the enhanced security policy on African Americans gives rise to an inference of intentional discrimination. *Grundy Opp.* 7. Defendant counters that Plaintiff pleads "no facts to support the theory" that Walmart's policy intentionally discriminates against African Americans, instead substituting "personal feelings or subjective impressions." *Mot.* 6. Without specific evidence of intentional discrimination, Defendant argues that Plaintiffs' Unruh Act claim must fail. *Id.*

At the pleading stage, however, evidence of disparate impact "may be probative of intentional discrimination." *Duronslet v. City of Los Angeles*, 266 F. Supp. 3d. 1213, 1217 (C.D. Cal. 2017); *see also Harris*, 52 Cal. 3d. at 1175 ("Because such evidence may be probative of intentional discrimination in some cases, a blanket rule of exclusion cannot be justified.").

Plaintiffs allege that it is "corporate directive" to keep these products behind security glass, while not putting equivalent products for non-African-American hair and skin behind the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

same barriers. *Grundy Compl.* ¶ 10. Even if the Court accepted that Defendant's enhanced security policy is facially neutral, courts routinely consider patterns of conduct in drawing plausible inferences of intentional racial discrimination. *See Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721, 725 (1982) ("The Unruh Act does not permit a business enterprise to exclude an entire class of individuals on the basis of a generalized prediction that the class 'as a whole' is more likely to commit misconduct than some other class of the public."); s*ee also United States v. Bishop*, 959 F.2d 820 (9th Cir. 1992) ("Implicitly equating low-income, black neighborhoods with violence . . . referred to assumptions that African Americans face, and from which they suffer, on a daily basis . . . reflected and conveyed deeply ingrained and pernicious stereotypes."). Plaintiffs have alleged facts to support that African-American shoppers are disproportionately affected by the enhanced security policy, which, at the pleading stage, is enough to raise an inference of intentional discrimination.

iv.    *Causation*

Plaintiffs allege that they experienced shame, humiliation, and distress directly caused by Defendant's enhanced security policy, which required them to seek assistance from an employee, be escorted to the register, and be prohibited from touching the items they wanted to purchase. *See, e.g.*, *Grundy Compl.* ¶ 12; *Dawson FAC* ¶ 11. Causation is therefore sufficiently pleaded.

v.    *Unruh Act claims and FRCP 12(b)(6)*

Defendant cites to *Harris* for the proposition that Unruh Act claims are often decided on demurrer because no legal issue presents itself when a business practice is valid on its face. *Mot.* 9-10. But Defendant has provided no evidence that an enhanced security policy which applies *only* to products for, and to *all* products for, African-American hair and skin should be subject to such deference. As in *Harris*, where the California Supreme Court concluded that a far more neutral policy (a landlord's requirement of a minimum income) presented a legal issue, Plaintiffs' allegations are plausible enough to survive a motion to dismiss. *See Harris*, 52 Cal. 3d at 1165, 1175 ("We do not preclude the admission of relevant evidence of disparate impact in Unruh Act cases…").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx) 18-CV-1720 PSG (Skx) 18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc. Lasheena Williams v. Walmart Inc. Rakiya Dawson v. Walmart In.c | | |

Whether Defendant's enhanced security policy can be justified by legitimate business interests is a question best reserved for summary judgment. Defendant relies on *Dallas & Lashmi, Inc. v. 7-Eleven Inc.,* 112 F. Supp. 3d 1048 (C.D. Cal. 2015), for the proposition that "speculative claims of discrimination" should be dismissed under the Unruh Act. *Mot.* 14. But in *Dallas*, the court found that plaintiffs pleaded "no plaintiff-specific facts or allegations evidencing racial bias." *Id.* at 1062?1063. Here, Plaintiffs have provided "an underlying factual basis" sufficient to avoid dismissal of their Unruh Act claims. *See id.* at 1063.

The Court concludes that Plaintiffs have plausibly alleged a violation of the Unruh Act; of course, summary judgment may resolve whether legitimate business interests justify Defendant's enhanced security policy. For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' Unruh Act claims.

B.   UCL Claim

Plaintiff Grundy brings a cause of action for a violation of the UCL. *Grundy Compl.* ¶¶ 20-23. Defendant argues that Plaintiff Grundy's UCL claim cannot stand because the predicate violation of the Unruh Act fails. *Mot.* 17. The UCL prohibits, and provides civil remedies for, "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). The UCL's "unlawful" prong "borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Farmers Ins. Exch. v. Superior Court*, 2 Cal 4th 377, 282 (1992). Because Plaintiffs have adequately pleaded a claim for violation of the Unruh Act, the Court concludes allegations are sufficient to state a claim under the "unlawful" prong of the UCL. *See Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1384 (2012).

However, claims under the UCL are limited to those where a plaintiff "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322?23 (2011). Plaintiff Grundy has failed to allege that she suffered any economic loss as a result of Defendant's enhanced security policy, and she raises no argument in opposition. *See Grundy Opp*. 11. She has therefore failed to plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx) 18-CV-1720 PSG (Skx) 18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc. Lasheena Williams v. Walmart Inc. Rakiya Dawson v. Walmart In.c | | |

an actionable violation of the UCL. Accordingly, Defendant's motion to dismiss Plaintiff Grundy's UCL claim is **GRANTED**.

    C.    <u>Intentional Infliction of Emotional Distress</u>

    Plaintiff Williams and Plaintiff Dawson bring causes of action for intentional infliction of emotional distress ("IIED"). In order to prevail on a claim for IIED, a plaintiff must plead (1) extreme and outrageous conduct by defendant, (2) with the intention of causing, or with reckless disregard for the probability of causing emotional distress, (3) extreme or severe emotional distress suffered by the plaintiff, and (4) defendant's conduct must be the actual and proximate cause of plaintiff's emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1048-51 (2009). The test is conjunctive; all four elements must be met in order for Plaintiffs to successfully assert an IIED claim.

    The third element of an IIED claim requires that the plaintiff suffer severe or extreme emotional distress, of the sort no civilized person could be expected to endure. *See Fletcher v. W. Nat'l Wildlife Ins. Co.*, 10 Cal. App. 3d 376 (1970). Plaintiffs Williams and Dawson allege that they suffered "anguish, horror, nervousness, grief, anxiety, worry, shock, humiliation and/or shame." *See, e.g., Williams FAC* ¶ 32. Defendants contend that Plaintiffs' allegations are "threadbare" and therefore insufficient. *See Reply* 7. The Court agrees. Courts have held that discomfort, worry, anxiety, upset stomach, concern, and agitation are not enough to rise to the level of "severe" or "extreme." *See Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009); *Moralez v. Whole Foods Mkt. Cal., Inc.*, No. 14-cv-05022-EMC, 2015 WL 8292079, at *6 (N.D. Cal. Dec. 9, 2015) (finding allegations that plaintiff was "scared, humiliated and horrified" insufficient). Plaintiffs do not raise any argument in opposition to rebut the authority cited to by Defendant on this point, instead repeating only that Plaintiffs felt "extremely uncomfortable, ashamed, humiliated, and disgusted." *Williams Opp*. 10. The Court determines that, as in *Hughes* and *Moralez*, Plaintiffs' allegations fall short.

    Plaintiffs have failed to establish that this element is met, and therefore the Court need not reach the other elements; Plaintiff's IIED claim must fail.

    Defendant's motion to dismiss this claim is therefore **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-0429 PSG (Skx) 18-CV-1720 PSG (Skx) 18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc. Lasheena Williams v. Walmart Inc. Rakiya Dawson v. Walmart In.c | | |

D.    Negligence

Plaintiffs Williams and Dawson also bring a cause of action for negligence, arguing that Defendant owed a duty of care to its customers, and that Defendant breached that duty by causing emotional distress and mental suffering to Plaintiffs. *Dawson FAC* ¶¶ 22-26.   Plaintiffs argue that "duty is found where the plaintiff is a 'direct victim,' in that the emotional distress damages result from a duty owed the plaintiff 'that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.'" *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1510 (2009); *Williams Opp*. 9.  Plaintiffs cite to the Restatement (Second) of Torts § 344 to argue that Defendant had a duty to ensure Plaintiffs would be free from emotional distress arising from its status as a business owner. *Williams Opp*. 9.   However, as Defendant correctly notes, it owes no duty to prevent its customers from experiencing *emotional* harm. *Mot.* 13?14; *Reply* 8.  The full text of § 344 reads

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, *for physical harm* caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (emphases added).

A relationship between a business and its customer does not give rise to a negligence claim based on emotional distress, and Plaintiffs allege no independent duty imposed by law. *See Trigueros v. SW Airlines*, No. 05-CV-2256-L (AJB), WL 2502151, at *8 (S.D. Cal. Aug 30, 2007).  Therefore, Plaintiff Williams and Plaintiff Dawson have not adequately pleaded claims for negligence.  Defendant's motion to dismiss this claim is therefore **GRANTED**.

IV.    Leave to Amend

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 18-CV-0429 PSG (Skx)<br>18-CV-1720 PSG (Skx)<br>18-CV-0431 PSG (SKx) | Date | June 22, 2018 |
|---|---|---|---|
| Title | Essie Grundy v. Walmart Inc.<br>Lasheena Williams v. Walmart Inc.<br>Rakiya Dawson v. Walmart In.c | | |

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Court does not find that amendment of Plaintiffs' IIED, negligence, or UCL claims would necessarily be futile, and therefore leave to amend is **GRANTED**.

V.   Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss all three Plaintiffs' causes of action for violation of the Unruh Act;

**GRANTS** Defendant's motion to dismiss Plaintiffs Williams and Dawson's causes of action for intentional infliction of emotional distress with leave to amend;

**GRANTS** Defendant's motion to dismiss Plaintiffs Williams and Dawson's causes of action for negligence with leave to amend; and

**GRANTS** Defendant's motion to dismiss Plaintiff Grundy's cause of action for violation of the UCL with leave to amend.

Plaintiffs are ordered to file an amended complaint no later than **July 23, 2018**. Failure to file an amended complaint by this date will result in dismissal with prejudice of Plaintiffs' IIED, negligence, and UCL claims.

**IT IS SO ORDERED.**